IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY J. PIERSON,

                    Plaintiff,

    v.

KAREN HANNAH, HOLLY GUNDERSON, FERN
SPRINGS, CHRISTINE HOLMEN, and JULIE
PENDERGAST,

                  Defendants.

ORDER

26-cv-190-jdp

---

Plaintiff Jeremy J. Pierson, representing himself, seeks relief under 42 U.S.C. § 1983. This order provides Pierson guidance on how to properly submit his claims for this court's review, and it rules on a pending motion.

The court begins with the complaint. This court provides prisoners seeking to file suit a prisoner complaint package that includes a complaint form and instructions on filing a prisoner complaint in federal court. Filing a complaint on the form is not mandatory in every prisoner case, but the court has discretion to order prisoners to use the form when it promises to help them articulate their claims and to promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

Pierson's complaint is excessively long and argumentative, and it contains many immaterial allegations. The court will not parse the complaint to attempt to discern the facts supporting a potentially plausible claim because that would unduly strain the court's resources

and divert it from its role as a neutral decisionmaker. The court must construe Pierson's allegations generously, but it cannot construct his claims for him.

Instead, the court will require Pierson to file an amended complaint, using the prisoner complaint form, to more carefully articulate the facts supporting his claims. Once the court has received the amended complaint, it will be screened.

The court will send Pierson a copy of the prisoner complaint form along with this order. Pierson may include supplemental pages with the form if he needs more space to allege facts supporting his claims, but he may provide no more than five (5) supplemental pages. Any handwritten or typewritten text on the form or any supplemental page must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. For reference, Pierson's complaint meets the spacing and text size requirements.

In drafting the amended complaint, Pierson should be mindful that, to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pierson's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Pierson should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Pierson should identify his claims in this manner and omit any legal arguments.

Pierson should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Pierson must explain what each defendant did, or failed to do, to violate his rights. Pierson should avoid referring to defendants collectively. Pierson also should identify by full name in the case caption of the amended complaint every one of the defendants.

The court turns to the pending motion. Pierson accompanied the complaint with a motion to allow him to pay "filing and service fees" from his prison release account. Dkt. 3. Then, after paying the initial partial filing fee, Pierson moved the court to allow him to pay the remainder of the filing fee from his release account. Dkt. 7. The court denied the second motion, Dkt. 8, but it didn't rule on the first motion. The court will now deny the first motion for the same basic reasons in the order denying the second motion. With the exception of initial partial payments of filing fees, the court lacks the authority to order state officials to allow a prisoner to spend release account funds for any purpose. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy J. Pierson has until August 3, 2026 to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

5. Plaintiff's first motion for use of release account funds, Dkt. 3, is DENIED.

Entered July 1, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

3